IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER, | No. 2:23-CV-2016-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES CONGRESS, et al., | and |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

1

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff Thomas Joseph Melger's original complaint. See ECF No. 1. Plaintiff names the following as defendants: (1) United States Congress, (2) House, Does 1-100, (3) Senate, Does 1-100, (4) House Speaker Doe 1, and (5) California Department of Corrections and Rehabilitation (CDCR). Id. at 1.

Plaintiff's only claim focuses on his assertion that he is being held in prison in violation of U.S. Const. art. I, § 9, cl. 3, which prohibits bills of attainder. See id. at 3-5. Plaintiff "contends Congress, or legislature imposed punishment of slavery and involuntary servitude as for crimes." Id. at 5. Plaintiff also claims that the Thirteenth Amendment and 15 CCR 3041.2 violate U.S. Const. art. I, § 9, cl. 3. Id. at 6.

Plaintiff claims he has been threatened with serious bodily injury by several inmates "to file this complaint because they know [he] might be right." Id. at 4. Plaintiff claims that if he does not proceed in forma pauperis and state a cognizable claim, "they will seriously injure [him] physically because this claim affects all inmates" if he states it correctly. Id. He claims he is under imminent danger of serious physical injury if Plaintiff does not "do this Complaint right." Id. at 7.

Plaintiff seeks relief in the form of "retractive and prospective relief to earn a wage of $7.25 federal and a wage of $15.00 per hour." Id. at 8. He claims he suffered wage loss of $100,000.00 "total over the years." Id. He also seeks relief for pain and suffering in the form of $100,000,000,000.00, with special interest of $1,000,000.00 "per inmate reserved for future class

action law suite." Id.  In addition to attorney fees, Plaintiff seeks to repeal both the Thirteenth Amendment of the Constitution and 15 CCR 3041.2.  Id. at 9.

## II.  DISCUSSION

Plaintiff fails to state any cognizable claim against any Defendant.  Instead, he makes frivolous allegations.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation.  See Neitzke, 490 U.S. at 325.  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. The court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or delusional.  See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328).  Finally, a complaint may be dismissed as frivolous if it merely repeats pending or previously litigated claims.  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

The basis of Plaintiff's claim is that his incarceration amounts to slavery, which is forbidden by the Thirteenth Amendment.  However, Section 1 of the Thirteenth Amendment excludes incarceration that is punishment for criminal convictions.  U.S. Const. amend. XIII. Numerous cases have upheld the well-settled principal.  See Draper v. Rhay, 315 F.2d 193 (9th Cir. 1963), Lindsey v. Leavy, 149 F.2d 899 (9th Cir. 1945).  Plaintiff also argues that the work duties he performs in prison amount to involuntary servitude.  This argument is also without merit because prison rules that require a prisoner to work is not the type of involuntary servitude that violates the Thirteenth Amendment.  See Butler v. Perry, 240 U.S. 328, 332, 36 S.Ct. 258, 259, 60 L.Ed. 672.

## III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that Plaintiff's original complaint be DISMISSED without leave to amend and with prejudice for failure to state a claim upon which relief can be granted.

3. It is further RECOMMENDED that Plaintiff's motion for injunctive relief, ECF No. 11, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE